WILSON TURNER KOSMO LLP
LOIS M. KOSCH (131859)
MICHAEL R. MINGUET (204027)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: lkosch@wilsonturnerkosmo.com
E-mail: mminguet@wilsonturnerkosmo.com

Attorneys for Defendants
CARDINAL HEALTH 200, LLC and
CARDINAL HEALTH, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSABBELL GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, LLC, a Delaware Company; CARDINAL HEALTH, INC., an Ohio company; FRANCISCO GONZALEZ, an individual, and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 5:25-cv-3248<br><br>**DEFENDANT CARDINAL HEALTH 200, LLC'S NOTICE OF REMOVAL**<br><br>[Removed from San Bernardino County Superior Court, Case No. CIVSB2530873]<br><br>Complaint Filed: October 22, 2025 |

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant CARDINAL HEALTH 200, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California. Defendant Cardinal Health, Inc. consents to and joins in this removal. At the time of filing this Notice of Removal, Defendant Francisco Gonzalez is an unserved defendant.

This Court has original subject matter jurisdiction over the lawsuit filed by Plaintiff ISSABBELL GARCIA ("Plaintiff") pursuant to 28 U.S.C. section 1332(a) because complete diversity of citizenship exists between Plaintiff and the named and

properly joined and served defendants in this action, and the amount in controversy, as expressly alleged in Plaintiff's Complaint, exceeds $1,000,000. Accordingly, removal is appropriate pursuant to 28 U.S.C. sections 1441(a) and 1446.

## I.  STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. section 1441(a), because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2. Jurisdiction over the action within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the filing of this Notice.

## II.  PLEADINGS AND PROCESS

3. On October 22, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California, for the County of San Bernardino, entitled *Issabbell Garcia v. Cardinal Health 200, LLC, et al.,* Case No. CIVSB2530873 ("the Action"). A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Michael R. Minguet ("Minguet Dec.") filed concurrently with this Notice of Removal. Minguet Dec. ¶ 2; s*ee also* 28 U.S.C. section 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

4. Plaintiff's Complaint alleges the following causes of action based primarily on violations of the California Labor Code and Fair Employment and Housing Act ("FEHA"): (1) Failure to Furnish Wage and Hour Statements; (2) Failure to Maintain Payroll Records; (3) Failure to Pay Meal and Rest Period Compensation; (4) Failure to Pay Overtime Compensation; (5) Failure to Pay Wages in a Timely Manner; (6) Waiting Time Penalties; (7) FEHA Violations Based Upon Disability; (8) Failure to Provide Reasonable Accommodations; (9) Failure to Engage in a Good Faith Interactive Process; (10) FEHA Violations Based Upon Retaliation; (11) Unfair

1  Competition; and (12) Wrongful Termination in Violation of Public Policy.  Causes of
2  Action One through Six, alleging various California Labor Code violations, are stated
3  against individual Defendant Francisco Gonzalez.  All Causes of Action are stated
4  against Defendants Cardinal Health 200, LLC and Cardinal Health, Inc.  Minguet Dec.
5  ¶ 2, **Exhibit A**.
6      5.   Plaintiff separately served Defendant Cardinal Health 200, LLC and
7  Defendant Cardinal Health, Inc. pursuant to California Code of Civil Procedure
8  section 416.10 by personally delivering the Summons and Complaint on November 3,
9  2025, to each Defendant's registered agent for service of process.  Minguet Dec. ¶ 3.
10 In addition to the Complaint, Plaintiff served the following additional documents on
11 Defendants Cardinal Health 200, LLC and Cardinal Health, Inc.: Summons,
12 Certificate of Assignment, and Civil Case Cover Sheet.  In addition, the San
13 Bernardino County Superior Court has also issued a Notice of Trial Setting
14 Conference.  A true and correct copy of each of these documents is attached
15 collectively as **Exhibit B** to the Declaration of Michael Minguet filed concurrently
16 herewith.  Minguet Dec. ¶ 3.
17     6.   On December 2, 2025, Defendants Cardinal Health 200, LLC and
18 Cardinal Health, Inc. filed and served their joint Answer to Plaintiff's Complaint in
19 the Superior Court of the State of California, for the County of San Bernardino.  A
20 true and correct copy of Defendants Cardinal Health 200, LLC and Cardinal Health,
21 Inc.'s joint Answer is attached as **Exhibit C** to the Declaration of Michael Minguet.
22 Minguet Dec. ¶ 4.
23     7.   At the time of filing this Notice of Removal, Defendant Francisco Gonzalez
24 has not been properly served with the Complaint and has not appeared in this Action.
25 Minguet Dec. ¶ 5.  Accordingly, Defendant Francisco Gonzalez is not a "properly
26 joined and served" defendant in this Action at the time of filing this Notice of
27 Removal.  28 U.S.C. § 1441(b)(2).
28 ///

-3-   Case No. 5:25-cv-3248
DEFENDANT CARDINAL HEALTH 200, LLC'S NOTICE OF REMOVAL

8. Defendant Cardinal Health, Inc. consents to and joins this removal. No other parties have been named and served, and no other party has appeared in the Action. Minguet Dec. ¶ 6; 28 U.S.C section 1446(b)(2)(A).

9. Pursuant to 28 U.S.C. section 1446(a), and to the best of Defendant Cardinal Health 200, LLC's knowledge, **Exhibits A through C** constitute all the process, pleadings, and orders served in this action at the time of this removal. Minguet Dec. ¶ 7.

### III.  TIMELINESS OF REMOVAL

10. Defendant Cardinal Health 200, LLC is timely filing this Removal within thirty (30) days after service of the Complaint on its agent for service of process and within one (1) year of the commencement of the Action. Minguet Dec. ¶ 8. Removal, therefore, is timely within the time mandated by 28 U.S.C. section 1446(b) through (c) and the Federal Rules of Civil Procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the time for removal is triggered by the actual service of the Complaint, rather than its receipt by other means); Fed. Rules Civ. Proc. 6(a).

11. No previous Notice of Removal has been filed with this Court for the relief sought herein.

### IV.  VENUE

12. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a). Plaintiff initially filed this action in the Superior Court of the State of California, for the County of San Bernardino, which sits within the Eastern Division of the Central District of California. 28 U.S.C. section 84(c)(1).

13. Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. section 1391(b)(2). Here, Plaintiff alleges "the work that is the subject of this action was

performed by Plaintiff in San Bernardino County." Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶ 1).

## V. THIS COURT MAY EXERCISE TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)

14. This case meets the requirements of 28 U.S.C. section 1332(a) and may be removed pursuant to 28 U.S.C. section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. sections 1332(a), 1441.

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

15. Under the traditional diversity statute, provided that the amount in controversy is established, the District Court "shall have original jurisdiction of all civil actions . . . between . . . Citizens of different States." 28 U.S.C. section 1332(a)(l).

16. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary"), quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891). Further, a person's intention to remain may be established by their place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.*, 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. Jun. 12, 2017) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California.").

17. At the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. Plaintiff concedes she is and was a "resident" of San Bernardino County, California at all times relevant to the Complaint. Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶ 2). Plaintiff's residence is *prima facia* evidence that she is domiciled in California for purposes of diversity. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9-10 (E.D. Cal. Mar. 18, 2008); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

18. As an unserved defendant, Defendant Francisco Gonzalez's citizenship is not considered for purposes of determining diversity of citizenship in this Action. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Defendant Francisco Gonzalez is not a "properly joined and served" defendant in this Action at the time of this Notice of Removal. Minguet Dec. ¶ 5.

19. For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Further, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *Id.*; *see* 28 U.S.C. section 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters. *Id.* at 80-81.

20. Defendant Cardinal Health 200, LLC is a limited liability company organized under the laws of the State of Delaware and with its headquarters and

1  principal place of business in Dublin, Ohio.  The headquarters in Dublin, Ohio is
2  where the majority of Cardinal Health 200, LLC's executive, administrative, financial
3  and management functions are conducted, and from where the majority of its high-
4  level officers direct, control, and coordinate the company's operations and activities.
5  The sole member of Cardinal Health 200, LLC is Allegiance Corporation, which is a
6  Delaware corporation with its principal place of business in Dublin, Ohio.
7  Declaration of Laura Garza ¶ 3; *see also* Defendant Cardinal Health 200, LLC's
8  Corporate Disclosure Statement filed concurrently herewith.  Thus, Defendant
9  Cardinal Health 200, LLC is a citizen of Delaware and Ohio for diversity purposes.

10      21.    Defendant Cardinal Health, Inc. is a corporation duly created and
11  organized under the laws of the State of Ohio, with its headquarters and principal
12  place of business in Dublin, Ohio, where the corporate officers direct, control, and
13  coordinate the corporation's activities.  Garza Dec. ¶ 4.  Thus, Defendant Cardinal
14  Health, Inc. is a citizen of Ohio for diversity purposes.

15      22.    The Complaint names DOES 1 through 20 as fictious defendants.
16  Minguet Dec. ¶ 2, **Exhibit A**.  Pursuant to 28 U.S.C. section 1441(b)(1), the
17  citizenship of the defendants sued under fictitious names must be disregarded for
18  purposes of determining diversity of citizenship between the parties to an action.

19      23.    Given the above, the citizenship of the parties to the Action is diverse
20  pursuant to 28 U.S.C. section 1332(a)(1).

21      **B.    PLAINTIFF'S COMPLAINT PLACES MORE THAN $75,000 IN
22              CONTROVERSY**

23      24.    Without admitting Plaintiff could recover monetary damages and/or civil
24  or statutory penalties, Defendant Cardinal Health 200, LLC asserts that the amount in
25  controversy in this action exceeds $75,000, exclusive of interest and costs.

26      25.    As the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a
27  defendant seeking to remove a case to federal court need only file "a notice of
28  removal 'containing a short and plain statement of the grounds for removal.'"  *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Supreme Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*.

26. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Here, Plaintiff expressly "prays that the Court enter judgment in her favor and against Defendants and each of them, **for no less than $1,000,000.00 but according to proof**." Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief, p. 24 [emphasis added]). Based on this allegation, the amount in controversy requirement is satisfied for removal purposes.

27. Further, the substance of Plaintiff's claims plainly demonstrates that it is "more likely than not" that the amount in controversy exceeds $75,000 in this case. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink USA Pac., LLC*, No. SACV 11-0445 DOC, 2011 WL 2261273, at 2 (C.D. Cal. June 7, 2011). District Courts must presume plaintiffs will prevail on each and every one of their claims for relief. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "plaintiff prevails on liability"). In addition, the Court must consider all recoverable damages, including liquidated damages and punitive damages. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

28. "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) (It's not a question of what you

would owe. It's a question as to what is in controversy."); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Plaintiff's causes of action, the prayer for relief (including Plaintiff's express prayer for a judgment against each Defendant **for no less than $1,000,000.00**), and findings in other cases making similar demands illustrate the reasonableness of Defendant Cardinal Health 200, LLC's good faith belief and calculation demonstrating the amount in controversy in this Action more likely than not exceeds $75,000.

29. Defendants Cardinal Health 200, LLC and Cardinal Health, Inc. dispute liability for any damages whatsoever to Plaintiff.  The Complaint seeks a variety of damages, including but not limited to economic damages, non-economic damages, punitive damages, and attorneys' fees.  Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶¶ 49-54, and Prayer for Relief ¶¶ 1-8 at page 24).  Considering "litigation realities," courts routinely find employment cases alleging discrimination related claims and seeking similar damages satisfy the amount in controversy requirement without any further showing by the defense.  *See, e.g., Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *1–2 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in employment discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032, 1035 (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).  Thus, removal is proper in this Action based on this Court's diversity jurisdiction.

///

**Purported Economic and Non-Economic Damages:**

30. With respect to economic damages, Plaintiff seeks "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity." Minguet Dec. ¶ 2, **Exhibit A** (Complaint, Prayer for Relief at page 24). Defendants Cardinal Health 200, LLC and Cardinal Health, Inc. deny Plaintiff is entitled to recover any economic damages. Per the Complaint, Plaintiff was formerly employed by Defendants as a warehouse associate from on or about January 2024 until on or about May 2025. *Id*. (Complaint ¶¶ 22, 42). Plaintiff alleges she was paid $20.60 per hour. *Id*. (Complaint ¶¶ 22, 42). With respect to past lost wages, by extrapolating a weekly pay rate based on her compensation from the end of May 2025 through the date of this Removal (approximately 27 weeks), Plaintiff is seeking at least $22,248.00 in past lost wages alone. *Simmons*, 209 F. Supp. 2d at 1032 (district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal).

31. In addition, the Complaint does not allege that Plaintiff has secured alternative employment since her termination, and she specifically seeks "future" lost earnings. Thus, her future lost earnings should be included in a determination of lost wages for purposes of removal. *Brady v. Mercedes-Benz USA, Inc*., 243 F.Supp.2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys [sic] fees likely to be incurred cannot be estimated at the time of removal."). Moreover, Plaintiff specifically seeks damages for "diminution of earning capacity." Minguet Dec. ¶ 2, **Exhibit A** (Complaint, ¶ 52). Conservatively assuming a trial will start approximately one year from date of this Removal, Plaintiff's damages for future lost wages would total at least $42,848.00 based on her alleged compensation.

32. With respect to non-economic damages, Plaintiff seeks recovery for "severe and profound pain emotional distress, and physical injury related to emotional

distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment." Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶ 51). Again, Defendants Cardinal Health 200, LLC and Cardinal Health, Inc. deny Plaintiff is entitled to recover any damages. However, even where economic damages are minimal, a plaintiff's claim for emotional distress damages can exceed the jurisdictional threshold alone. *See, e.g., Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821-22 (1999) (affirming emotional distress damages award of over $450,000 on FEHA claim where plaintiff's economic damages were between less than $10,000 and at most $37,500); *see also Kroske*, 432 F.3d 976, 980 (9th Cir. 2005) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action would add at least an additional $25,000 to plaintiff's claim).

**Punitive Damages:**

33. Plaintiff also seeks punitive damages against Defendants. Minguet Dec. ¶ 2, **Exhibit A** (Complaint, ¶ 54). Defendant Cardinal Health 200, LLC and Defendant Cardinal Health, Inc. deny Plaintiff is entitled to recover punitive damages. "The amount in controversy may include punitive damages when they are recoverable as a matter of law." *Simmons*, 209 F. Supp. 2d at 1033, citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)(holding amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount). Indeed, other FEHA discrimination related cases have resulted in substantial punitive damages awards. *See, e.g., Simmons*, 209 F. Supp. 2d at 1033 (citing punitive damages awards in employment discrimination cases ranging from $60,000 to $121,000,000).

///

///

**Attorneys' Fees:**

34. Finally, Plaintiff seeks attorneys' fees, which are recoverable by a prevailing plaintiff under the FEHA and certain Labor Code sections asserted by Plaintiff in this Action. Minguet Dec. ¶ 2, **Exhibit A** (Complaint ¶ 49). Because attorneys' fees are recoverable under FEHA, in assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Employment claims have been found to require substantial effort from counsel." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (internal quotations omitted).

35. While Defendants Cardinal Health 200, LLC and Cardinal Health, Inc. again deny any and all liability to Plaintiff, based on a conservative and good faith estimate of the value of the alleged damages, taken together, the amount in controversy "more likely than not" exceeds $75,000. Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g., Jones v. CLP Resources, Inc.,* No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14- 01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010). Accordingly, it cannot be denied that the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

**VI.   THE OTHER REQUIREMENTS FOR REMOVAL ARE MET**

36. As required by Federal Rule of Civil Procedure 7.1, Defendant Cardinal Health 200, LLC has concurrently filed the required Corporate Disclosure Statement and Notice of Interested Parties.

37. Counsel for Defendant Cardinal Health 200, LLC certifies they will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, for the County of San Bernardino, and give notice of same to counsel for Plaintiff. Minguet Dec. ¶ 9.

## VII. CONCLUSION

38. Based on the foregoing, this Court has jurisdiction over this Action pursuant to 28 U.S.C. section 1332(a), and the Action may be removed to this Court under 28 U.S.C. section 1441(b).

39. Should the propriety of removal be questioned, Defendant Cardinal Health 200, LLC requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977).

40. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

Dated: December 3, 2025        **WILSON TURNER KOSMO LLP**

By:  */s/ Lois M. Kosch*
LOIS M. KOSCH
MICHAEL R. MINGUET
Attorneys for Defendants CARDINAL HEALTH 200, LLC and CARDINAL HEALTH, INC.