# EXHIBIT A

Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
Jameson Evans, Esq. (SBN: 340954)
Amanda M. Thompson, Esq. (SBN: 347005)
**EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks Ave., Suite 200
Pasadena, California 91105
Telephone:    (310) 853-3461
Facsimile:    (949) 743-5442
Email:        jonathanl@pierrelacour.com
              lisan@pierrelacour.com
              jamesone@pierrelacour.com
              amandat@pierrelacour.com

Attorneys for Plaintiff, ISSABBELL GARCIA

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
10/22/2025 9:16 AM
By: Aryanna Sheehe, DEPUTY

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ISSABBELL GARCIA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, LLC, a Delaware Company, CARDINAL HEALTH, INC., an Ohio company, FRANCISCO GONZALEZ, an individual, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.    CIVSB2530873<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (LABOR CODE §§ 226 AND 226.3);**<br>2. **FAILURE TO MAINTAIN PAYROLL RECORDS (LABOR CODE §§ 1174 AND 1174.5);**<br>3. **FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (LABOR CODE § 226.7);**<br>4. **FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE § 1194);**<br>5. **FAILURE TO PAY WAGES IN A TIMELY MANNER (LABOR CODE § 204);**<br>6. **WAITING TIME PENALTIES (LABOR CODE §§ 201, 202, and 203);**<br>7. **FEHA VIOLATIONS BASED UPON DISABILITY (GOV'T. CODE §12940 ET SEQ.);**<br>8. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |

9. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
10. **FEHA VIOLATIONS BASED UPON RETALIATION;**
11. **UNFAIR COMPETITION (BUS. & PROF. CODE § 17200, *ET SEQ.*); AND**
12. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, ISSABBELL GARCIA, for causes of action against Defendants and each of them, alleges as follows:

### JURISDICTION

1.      This Court is the proper court, and this action is properly filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

### THE PARTIES

### PLAINTIFF ISSABBELL GARCIA

2.      Plaintiff, ISSABBELL GARCIA, (hereinafter referred to as "Plaintiff") is and at all times relevant hereto was a resident of the County of San Bernardino, State of California.

### DEFENDANT CARDINAL HEALTH 200, LLC

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CARDINAL HEALTH 200, LLC (hereinafter referred to as "Cardinal Health 200") was and is a Delaware company doing business at 3980 Earlstone St., Ontario, 91761 in the County of San Bernardino, State of California.

### DEFENDANT CARDINAL HEALTH, INC.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CARDINAL HEALTH, INC. (hereinafter referred to as "Cardinal

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1    Health") was and is a Delaware company doing business at 3980 Earlstone St., Ontario, 91761 in the

2    County of San Bernardino, State of California.

### DEFENDANT FRANCISCO GONZALEZ

4        5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times

5    relevant hereto, Defendant Francisco Gonzalez (hereinafter referred to as "Mr. Gonzalez") was and

6    is an individual residing in the County of San Bernardino, State of California, with his principal place

7    of business located therein. Cardinal Health, Cardinal Health 200, and Mr. Gonzalez are hereafter

8    collectively referred to as "Defendants."

9        6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times

10   relevant hereto, Defendant Mr. Gonzalez was Plaintiff's employer, manager, corporate agent, and/or

11   supervisor. Specifically, Plaintiff is informed and believes, and based thereon alleges, that Mr.

12   Gonzalez dictated Plaintiff's compensation and had plenary ability to supervise, manage, hire, and

13   fire, and did participate in the hiring and firing of Plaintiff. Defendant Mr. Gonzalez exercised control

14   and management of the work performed by Plaintiff as to establish or change corporate policies for

15   which Plaintiff was required to perform. Mr. Gonzalez had the ability to ensure Plaintiff was properly

16   compensated and allotted meal breaks, rest periods, and other provisions issued to employees.

     Furthermore, Plaintiff was of the belief that Mr. Gonzalez was also her employer.

17       7.      On information and belief, Mr. Gonzalez was the primary, if not the sole, decision

18   maker and author of Defendants' corporate policies as to: (1) setting employees' working hours and

19   rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3) whether

20   to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to

21   issue itemized wages statements to employees; (5) determining whether an employee was exempt or

22   non-exempt for purposes of applicable compliance with the Labor Code and order of the Industrial

23   Welfare Commission; and (6) ensure compliance with all applicable Labor Code sections and orders

24   of the Industrial Welfare Commission.

25       8.      Plaintiff is informed and believes, and based thereupon allege, that at all times relevant

26   hereto, Defendants owned and/or operated a business organization and availed themselves of the

     rights and privileges of the State of California.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. Fair Oaks Ave., Suite 200
PASADENA, CALIFORNIA 91105

9.     Defendants were Plaintiff's employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

11.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

12.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

13.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

14.     Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendants have ceased to exist.

15.     Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.     Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Plaintiff is informed and believes, and based thereupon alleges, Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     Plaintiff is informed and believes, and based thereupon alleges, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES

1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

16. Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

17. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereupon alleges, that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

18. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

19. At all relevant times throughout Plaintiff's employment with Defendants, Defendants owned and operated a medical supply transportation business.

20. On information and belief, Defendants Cardinal Health 200 and Cardinal Health are joint employers of Plaintiff with a unity of interest and ownership. Cardinal Health 200 and Cardinal Health have identical principal addresses: 7000 Cardinal Place, Dublin, OH, 43017 in the County of Franklin. Additionally, both companies have an identical service agent: CT CORPORATION SYSTEM, Registered Corporate 1505 Agent.

21. At all relevant times, Mr. Gonzalez, was/is a natural person who is an owner, director, officer, or managing agent of Cardinal Health. At all relevant times, Mr. Hernandez was Plaintiff's joint employer. In Mr. Hernandez's capacity as owner, director, officer, or managing agent of Defendants, Mr. Hernandez had substantial independent authority and judgment in Defendants'

corporate decision making and had significant oversight of the company's operations. With respect to Plaintiff, Mr. Hernandez had the ultimate authority as it related to many decisions, including but not limited to, corporate policymaking, paying employees' wages, and the hiring and firing of employees.

22.    On or about January 2024, Defendants hired Plaintiff as a warehouse associate.

23.    As a warehouse associate, Plaintiff's main job duties included scanning items on pallets, sorting pallets and different equipment, lifting pallets, running reports on shipping, and other job duties associated with transporting medical supplies in a warehouse.

24.    Upon hiring Plaintiff, Defendants promised to pay Plaintiff at a rate of $22.10 per hour. Instead, Defendants only paid Plaintiff at a rate of $20.60 per hour.

25.    Plaintiff would regularly work shifts of eight (8) hours or more, routinely working up to twelve (12) hours in a single day. Plaintiff would, at times, work shifts upwards of 15 hours in a single day.

26.    As a result of these extended hours, Plaintiff should have been entitled to an overtime rate of pay. Defendants, however, routinely refused to pay Plaintiff at her overtime rate of pay. In the course of her time with Defendants, it was in fact more common for Defendants to fail to pay Plaintiff her earned overtime wages than to actually pay Plaintiff for the overtime she had worked.

27.    In addition to depriving Plaintiff of earned overtime wages, Defendants would regularly fail to pay Plaintiff for the total amount of time she had worked. Indeed, Plaintiff's wage and hour statements and pay checks regularly reflected hours that were far lesser than what her punch cards had been filled out to indicate.

28.    As a result of this practice, Defendants often required Plaintiff to work off the clock for much of her labor. At all relevant times, Defendants failed or refused to pay Plaintiff for the hours deducted from Plaintiffs final wage and hour statements and pay checks.

29.    The discrepancy between Plaintiff's punch cards and final pay statements were significant. Indeed, on regular occasion, Plaintiff would work around 100 hours in a single week, yet receive pay for only around 50 to 60 hours. This is aside from the fact that much of the hours worked should have been paid out at an overtime rate of pay, when in fact they were not.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

30.     In the course of her employment at Defendants, Plaintiff was regularly required to skip her meal and rest breaks. Although Plaintiff regularly worked shifts longer than five (5) hours, Defendants regularly required Plaintiff to either interrupt her meal break or forgo taking a meal break altogether. Additionally, Plaintiff worked shifts longer than ten (10) hours in a single day, which should have entitled her to two meal breaks. In these instances, Defendants still required Plaintiff to either skip her meal breaks or only take one meal break when she should have taken two.

31.     At all relevant times, Defendants generally failed to pay Plaintiff a premium for missed or interrupted meal and rest breaks.

32.     On or about June 25, 2024, Plaintiff attempted to complain to Defendants regarding the various wage and hour violations to which she was being subjected. First Plaintiff complained to the human resources department at Defendants, who instructed Plaintiff to talk to her supervisor. Plaintiff then spoke to her direct supervisor, Defendant Mr. Gonzalez, regarding the wage and hour violations. After Plaintiff sent Mr. Gonzalez information regarding the violations, Defendants failed to rectify, respond to, or address the situation any further.

33.     In the course of Plaintiff's employment at Defendants, on or about June 4, 2024, Plaintiff was injured on the job. While lifting a heavy object at work, Plaintiff suffered a severe back injury. Later, Plaintiff was diagnosed with a tear in her lower back and associated spinal issues.

34.     These injuries significantly limited Plaintiff's major life activities. As a result of her injury, Plaintiff was unable to lift heavy objects, bend over, or walk, stand, or sit for extended periods of time.

35.     After her injury, Plaintiff promptly informed Defendants of her injury and the nature of her resulting physical limitations. As part of her notification, Plaintiff was requesting reasonable accommodations so that she could continue working.

36.     Plaintiff would have been able to perform the essential functions of her job with reasonable accommodations. Indeed, many of Plaintiff's essential job functions did not require significant physical labor, such as scanning items, running reports, tracking the shipment of pallets, and other written or non-physical job duties. Any physical job duty required of Plaintiff could have easily been accommodated by other employees at the warehouse.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.    Exhibit A, Page 13

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

37.    In spite of Defendants' ability to accommodate Plaintiff's disability, for the duration of the week following her injury, Defendants required Plaintiff to come into work without giving her any tasks to complete. Defendants instructed Plaintiff to sit and wait while on the clock, while simultaneously stating there was no work for her to complete.

38.    Although Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations, Defendants refused to provide Plaintiff with job duties to perform. Additionally, Defendants refused to engage in a good-faith interactive process with Plaintiff. Following the week of June 4, 2024, Defendants instructed Plaintiff to stop coming into work. Against Plaintiff's wishes, Defendants placed Plaintiff on an involuntary and indefinite unpaid leave of absence.

39.    From the week following her injury, on or about June 4, 2024, Plaintiff was not allowed to return to work at Defendants.

40.    Rather than attempt to engage in a good faith interactive process with Plaintiff, Defendants decided it would be easier to refuse to allow Plaintiff to return to work.

41.    In retaliation against Plaintiff's disability and requests for reasonable accommodation, Defendants negatively and materially affected Plaintiff's employment status at Defendants. In response to requests for accommodation, Defendants essentially terminated Plaintiff by refusing to allow her to continue working at Defendants.

42.    Eventually, after many months on indefinite, involuntary, and unpaid leave, Plaintiff was constructively terminated from her employment with Defendants. On or about May 2025, Plaintiff was forced to resign from her position at Defendants. Plaintiff was constructively terminated from her position because she was left with no reasonable alternative but to resign. Indeed, no reasonable person would continue working for an employer that commits numerous wage and hour violations, refuses to accommodate disabilities, and retaliates against their employees for requesting accommodations by placing them on indefinite and involuntary leaves.

43.    For the entirety of Plaintiff's employment with Defendants, Defendants failed and refused to pay Plaintiff the total amount of wages that Plaintiff, through her employment and labor, had earned working for Defendants.

44.     For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to provide Plaintiff with timely, accurate, and itemized wage and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws.

45.     For the entirety of Plaintiff's employment with Defendants, Defendants routinely required Plaintiff to work more than eight hours per day and 40 hours per week. Plaintiff did not receive accurate compensation for straight, regular time pay, and overtime pay.

46.     For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to pay Plaintiff's wages on a timely semi-monthly basis, as required by the <u>Labor Code</u>.

47.     Defendants failed to pay all wages due and owed to Plaintiff at the time of her termination or within seventy-two (72) hours of her resignation, as required by California wage-and-hour laws.

48.     As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, <u>Business and Professions Code</u> § 17200, et seq.

49.     Pursuant to the <u>Labor Code</u>, California law and applicable Wage Orders, Plaintiff is entitled to all damages, unpaid wages, statutory penalties, waiting time penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendant, all as alleged throughout this complaint.

50.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized,

EMPLOYEES FIRST LABOR LAW
1 S. Fair Oaks Ave., Suite 200
PASADENA, CALIFORNIA 91105

1  and approved by managing agents whose precise identities are unknown to Plaintiff at this time and

2  are therefore identified and designated herein as DOES 1 through 20, inclusive.

3      51.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer

4  general and special damages, including severe and profound pain emotional distress, and physical

5  injury related to emotional distress, anxiety, depression, headaches, tension, and other physical

6  ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past

7  and future lost wages and benefits.

       52.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,

8  commissions, benefits and loss or diminution of earning capacity.

9
       53.     Plaintiff claims general damages for emotional and mental distress and aggravation in

10 a sum in excess of the jurisdictional minimum of this Court.

11     54.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or

12 managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious

13 disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff request that punitive

14 damages be levied against Defendants and each of them, in sums in excess of the jurisdictional

15 minimum of this Court.

16                    **FIRST CAUSE OF ACTION**
          **FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**
17                  **(LABOR CODE §§ 226 AND 226.3)**
             **AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**
18
       55.     Plaintiff re-alleges the information set forth in the preceding paragraphs and

19 incorporates it into this cause of action as if it was fully alleged herein.

20
       56.     Defendants failed to provide Plaintiff with timely and accurate wage and hour

21 statements showing gross wages earned, total hours worked, all deductions made, net wages earned,

22 the name and address of the legal entity employing him, all applicable hourly rates in effect during

23 each pay period, and the corresponding number of hours worked at each hourly rate.

24     57.     Defendants are liable for statutory penalties and civil penalties pursuant to Labor Code

25 §§ 226, 226.3, and 558 and the other applicable laws and regulations.

26

27

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**SECOND CAUSE OF ACTION**
**FOR FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS**
**(LABOR CODE §§ 226, 1174 AND 1174.5)**
**AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

58.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

59.    Defendants failed to maintain complete and accurate payroll records for Plaintiff, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly rate, and Defendants are therefore not able to furnish to the commission said documents and/or information.

60.    Defendants are liable for statutory and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

**THIRD CAUSE OF ACTION**
**FOR FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION**
**(LABOR CODE § 226.7)**
**AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

61.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

62.    Plaintiff regularly worked shifts greater than five (5) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes.

63.    Plaintiff also worked shifts greater than ten (10) hours. Pursuant to Labor Code § 512, an employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

64.    Defendants failed to provide Plaintiff with meal periods as required under the Labor Code. As discussed above, Plaintiff was required to work through his alleged meal periods, without pay, all in violation of Labor Code and applicable Wage Orders. Moreover, Defendants failed to compensate Plaintiff for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

65.    Therefore, pursuant to <u>Labor Code § 226.7</u>, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rate of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

66.    Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

67.    Defendants failed to provide Plaintiff with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

68.    Moreover, Defendants did not compensate Plaintiff with an additional hour of pay at their effective hourly rate for each day that Defendants failed to provide adequate rest breaks, as required under <u>Labor Code § 226.7</u>.

69.    Therefore, pursuant to <u>Labor Code § 226.7</u>, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial

70.    Per *Betancourt v. OS Restaurant Services*, Plaintiff pleads for reasonable attorney's fees and costs recoverable under *Labor Code* §§ 218.5 and 226.

### FOURTH CAUSE OF ACTION
### FOR FAILURE TO PAY OVERTIME COMPENSATION
### (LABOR CODE §§ 510 AND 1194)
### AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

71.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

72.    Defendants routinely required Plaintiff to work more than eight hours per day. Defendants routinely required Plaintiff to work more than forty hours per week. Defendants failed and refused to pay Plaintiff the overtime compensation required by the <u>Labor Code</u> and other applicable laws and regulations.

73.    Plaintiff has been deprived of her rightfully earned and legally required overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

74.    Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to Labor Code § 558 and other applicable provisions of the Labor Code and other applicable laws and regulations.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO PAY WAGES IN A TIMELY MANNER
### (LABOR CODE §§ 204 ET SEQ. AND 206 ET SEQ.)
### AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

75.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

76.    At all times relevant, Defendants routinely failed, without justification, and refused to provide Plaintiff with timely wages or pay as required Labor Code Section 204 et seq. and other applicable laws and regulations.

77.    As a direct and proximate result of Defendants' failure and refusal to pay Plaintiff timely, Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, including treble damages pursuant to Labor Code Sec. 206 et seq.

78.    Based on Defendants' conduct as alleged herein, Defendants are liable for up to 30 days of pay for a waiting time penalty, statutory penalties and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

### SIXTH CAUSE OF ACTION
### FOR WAITING TIME PENALTIES
### (LABOR CODE §§ 201 THROUGH 203)
### AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

79.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

80.    Defendants willfully failed to pay Plaintiff accrued wages and other compensation due to him at the time of her pre-scheduled termination or within seventy-two (72) hours of her resignation.

81.    Defendants are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to Labor Code §§ 201, 202, 203 and other applicable laws and regulations.

//

//

//

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF**
**GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.**    Exhibit A, Page 19

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## SEVENTH CAUSE OF ACTION
## FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION
## CAL. GOV. CODE §§ 12940(a) ET SEQ.
## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

82.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

83.    Defendants, and each of them, including their agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

84.    California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of…physical disability…medical condition…sex, gender…is hereby recognized as and declared to be a civil right." Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification…[f]or an employer, because of…physical disability, medical condition …sex, gender …to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

85.    Plaintiff has a physical disability/medical condition, as defined under Government Code § 12926 et seq.  Moreover, at the time of this Complaint and at all relevant times, Plaintiff was/is suffering from disabling back injuries.

86.    Plaintiff is informed and believes and thereon alleges that Defendants and each of them, in violation of Government Code §§ 12940 et seq., terminated Plaintiff's employment because of her disability.

87.    Plaintiff filed a complaint with the California Civil Rights Department ("CRD").  On January 18, 2024, Plaintiff received a "Right-to-Sue" Letter from the California Department of Fair Employment and Housing.  Attached hereto as Exhibit "1" is a true and correct copy of the referenced "Right-to-Sue" Letter that Plaintiff received.

88.    As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

89.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress, physical injury related to emotional distress, and aggravation in an amount to be proven at the time of trial.

90.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c)), in that they were intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

91.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advanced knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the business.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

92.     Plaintiff is further entitled to attorneys' fees pursuant to Government Code § 12965(b).

### EIGHTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

93.     Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

94.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

95.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.     Exhibit A, Page 21

1  a physical condition that affected Plaintiff's major life activities, and medical condition of which

2  Defendants had both actual and constructive knowledge.

3      96.    At all times herein, Plaintiff was willing and able to perform the duties and functions

4  of the position in which Plaintiff was employed, or could have performed the duties and functions of

5  that position with reasonable accommodations. At no time would the performance of the functions of

6  the employment position, with a reasonable accommodation for Plaintiff to recover from her

7  temporary disability or medical condition, actually or as it was perceived by Defendants, have been

8  a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability

9  or medical condition, real or perceived by Defendants, would not have imposed an undue hardship

10  on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage

11  in the interactive process with Plaintiff and continued to violate this obligation, up to and including

12  the date of Plaintiff's termination or, if Defendants contend Plaintiff was never terminated, through

   the present and ongoing.

13      97.    The above said acts of Defendants constitute violations of the FEHA, and were a

14  proximate cause in Plaintiff's damage as stated below.

15      98.    The damage allegations described above are herein incorporated by reference.

16      99.    The foregoing conduct of Defendants individually, and/or by and through their

17  officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff

18  or was despicable conduct carried on by Defendants with a willful and conscious disregard of the

19  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of

20  Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby

21  entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of

22  Defendants.

23      100.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

24  attorneys' fees and costs, including expert fees pursuant to the FEHA.

25  //

26  //

27  //

28  //

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.    Exhibit A, Page 22

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

**NINTH CAUSE OF ACTION**
**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**
**CAL. GOV. CODE §§ 12940 ET SEQ.**
**AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND DOE DEFENDANTS**

101.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

102.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee taking care of an associated person with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

103.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected her major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

104.    Plaintiff reported her disability to Defendants and requested accommodations, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendants contend Plaintiff was never terminated, through the present and ongoing.

105.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

106.    The damage allegations, as set forth above inclusive, are herein incorporated by reference.

107.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

18

1  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of

2  Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby

3  entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of

4  Defendants.

5      108.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

6  attorneys' fees and costs, including expert fees pursuant to the FEHA.

## TENTH CAUSE OF ACTION
## FEHA VIOLATIONS BASED UPON RETALIATION
## CAL. GOV. CODE § 12940(h), ET SEQ.
## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

10     109.    Plaintiff re-alleges the information set forth in the preceding paragraphs and

11  incorporates it into this cause of action as if it was fully alleged herein.

12     110.    This cause of action is based upon:

13  a.  California Government Code Section 12940(h), which prohibits employers from

14      retaliating against employees who complain of practices forbidden by the California Fair

15      Employment and Housing Act (the "FEHA"), including discrimination based on sex,

16      pregnancy, disability and medical conditions;

17  b.  California Government Code Section 12940(k), which prohibits employers from failing

18      to take all reasonable steps necessary to prevent discrimination from occurring in the

19      workplace; and

20  c.  Title II, California Code of Regulations, Section 7287.8(a), which prohibits employers

21      from retaliating against employees who complain of practices forbidden by the "FEHA",

22      including discrimination based on disability and medical conditions.

23     111.    Defendant engaged in conduct that taken as a whole, materially and adversely affected

24  the terms and conditions of Plaintiff's employment.

25     112.    Plaintiff's assertion of her rights under <u>California Government Code Section 12900 et</u>

26  <u>seq.</u> and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision

27  to retaliate against and terminate her. Defendant's conduct was a substantial factor in causing harm

28  to Plaintiff as set forth herein.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

19

113. At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of <u>California Government Code Sections 12940(h), 12940(m)(2)</u>, by terminating her.

114. As a direct, foreseeable, and proximate result of the outrageous conduct of all Defendants named in this cause of action, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to her damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

115. The grossly reckless, and/or intentional, malicious, and bad faith manner in which all named Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

116. For the part of this cause of action for FEHA liability, Plaintiff pleads for reasonable attorneys' fees and costs recoverable under California Government Code § 12965(b).

## ELEVENTH CAUSE OF ACITON
## FOR UNFAIR COMPETITION
## (BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)
## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

117. Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

118. Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to <u>Business & Professions Code § 17200 et seq</u>. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of valid California law and specifically <u>Code of Civil Procedure § 1021.5</u>.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

119.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injuries, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

120.    Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

121.    FEHA expresses fundamental public policies. Prohibiting employers from discriminating against employees based on the protected status of such employees is a fundamental public policy of California. It is the public policy of this state to vigorously enforce the requirements of FEHA, to ensure employees are treated fairly and equitably under the law. Additionally, Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

122.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of FEHA and the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

123.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 et seq.

124.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages, overtime, etc., either knew or in the exercise of reasonable care should have known that its conduct was unlawful; therefore, its conduct violates the Business & Professions Code § 17200 et seq.

125.    As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

126.    Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use

1    by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the

2    Business & Professions Code, including but not limited to the disgorgement of such profits as may

3    be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

4    **TWELFTH CAUSE OF ACTION**
**FOR WRONGFUL TERMINATION**
5    **IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**
**AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL**
6    **DOE DEFENDANTS**

7         127.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive,

8    as though set forth fully herein.

9         128.    At all relevant times mentioned in this complaint, the FEHA was in full force and

10   effect and was binding on Defendants. This law requires Defendants to refrain from, among other

11   things, discriminating against any employee on the basis of disability, medical condition, real or

12   perceived, and use of medical leave, and from retaliating against any employee who engages in

13   protected activity.

14        129.    Defendants' conduct as previously alleged, including their termination of Plaintiff,

15   was in retaliation against Plaintiff for her physical disability.

16        130.    At all times mentioned in this complaint, it was a well-established, substantial, and

17   fundamental policy of the State of California that benefits society at large, that Defendants cannot

18   discriminate and/or retaliate against any employee on the basis of engagement in protected activity.

19        131.    Plaintiff believes and thereon alleges that Plaintiff's requests for reasonable

20   accommodations were contributing factors in Defendants' conduct as alleged hereinabove.

21        132.    The above said acts of Defendants constitute violations of the *Labor Code* and the

22   public policy of the State of California embodied therein as set forth above. Defendants violated these

23   laws by retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise

24   of protected rights.

25        133.    The damage allegations, as set forth above inclusive, are herein incorporated by

26   reference.

27        134.    The foregoing conduct of Defendants individually, or by and through its officers,

28   directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was

     despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

22

1    Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

2    such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff

3    to punitive damages in an amount appropriate to punish or make an example of Defendants.

[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

23

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF**
**GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in her favor and against Defendants and each of them, for no less than $1,000,000.00 but according to proof, as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity;

2.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' retaliatory practices;

4.    For injunctive relief barring Defendants' employment policies and practices adverse to those who make a complaint of illegal employment activity in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.    For costs of suit, attorneys' fees, and expert witness fees pursuant;

7.    For post-judgment interest; and

8.    For any other relief that is just and proper.


DATED:  July , 2025

EMPLOYEES FIRST LABOR LAW

By: _____
Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Jameson Evans, Esq.
Amanda M. Thompson, Esq.
*Attorneys for Plaintiff,*
*ISSABBELL GARCIA*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

24

## **JURY TRIAL DEMAND**

Plaintiff demands trial of all issues by jury.

DATED:  July , 2025

**EMPLOYEES FIRST LABOR LAW**

By:

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Jameson Evans, Esq.
Amanda M. Thompson, Esq.
*Attorneys for Plaintiff,*
*ISSABBELL GARCIA*

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.

Exhibit A, Page 30

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# EXHIBIT 1

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF**
**GARCIA V. CARDINAL HEALTH 200, LLC, ET AL.**    Exhibit A, Page 31