# EXHIBIT C

1   WILSON TURNER KOSMO LLP
    LOIS M. KOSCH (131859)
2   MICHAEL R. MINGUET (204027)
    402 West Broadway, Suite 1600
3   San Diego, California 92101
    Telephone: 619.236.9600
4   Facsimile: 619.236.9669
    E-mail: lkosch@wilsonturnerkosmo.com
5   E-mail: mminguet@wilsonturnerkosmo.com

6   Attorneys for Defendants
    CARDINAL HEALTH 200, LLC and CARDINAL HEALTH, INC.

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF SAN BERNARDINO**

10  ISSABBELL GARCIA,                      | Case No. CIVSB2530873

11          Plaintiff,                     | **ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES**

12          v.

13  CARDINAL HEALTH 200, LLC, a Delaware Company, CARDINAL HEALTH, INC. an Ohio company, FRANCISCO GONZALEZ, an individual, and DOES 1 through 20, inclusive,

14

15                                         | Judge: Hon. Wilfred J. Schneider, Jr.
            Defendants.                    | Dept. S32

16                                         | Trial Date:        Not Set
                                           | Complaint Filed:   October 22, 2025
17

18

19          Defendants CARDINAL HEALTH 200, LLC and CARDINAL HEALTH, INC.

20  (collectively, "Defendants"), hereby respond to Plaintiff Issabbell Garcia's ("Plaintiff") unverified

21  Complaint for Damages on file herein by answering as follows:

22                           **GENERAL DENIAL**

23          Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny

24  each and every allegation and cause of action contained in Plaintiff's Complaint; further deny that

25  Plaintiff was injured or suffered damages in any sum as a result of any act or omission on their part;

26  and further deny that Plaintiff is entitled to the relief claimed, or any relief, on the grounds alleged or

27  otherwise. Defendants further answer the Complaint and each and every allegation, cause of action,

28  or claim for damages contained therein by denying that Plaintiff has sustained, or will sustain, any

                                        1
ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 40

damage in any sum at all by reason of the violation of any statute, regulation, or law, or carelessness, or other fault, act, or omission on the part of the answering Defendants, its agents, servants, or employees.

## AFFIRMATIVE DEFENSES

Without altering any allocation of Plaintiff's burden of proving her claims, Defendants assert the following affirmative defenses, reserving the right to amend, add, or alter according to proof before trial:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and every purported cause of action therein fail to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action and claims therein are barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure sections 335.1, 338, 339, 340, and 343, Government Code sections 12960 and 12965, and Business & Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part as stated against Defendant Cardinal Health, Inc. on the grounds that it was not Plaintiff's employer.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the California Fair Employment and Housing Act are barred by Plaintiff's failure to properly and sufficiently exhaust internal administrative remedies and/or external administrative remedies with the appropriate public or governmental agencies, or as required by applicable law including, but not limited to, those prescribed by Government Code sections 12900, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

Exhibit C, Page 41

**SIXTH AFFIRMATIVE DEFENSE**

Without admitting the allegations of the Complaint, Defendants allege that Plaintiff's employment was at will and could be terminated at any time, with or without cause.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint and each of its causes of action are barred because all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment, including but not limited to Plaintiff's compensation, were done in good faith and motivated by legitimate, non-discriminatory and non-retaliatory reasons and/or as a result of business necessity.

**EIGHTH AFFIRMATIVE DEFENSE**

If it is found that Defendants' actions were motivated by both discriminatory or retaliatory reasons, and non-discriminatory or non-retaliatory reasons, Defendants' non-discriminatory or non-retaliatory reasons alone would have induced them to make the same decision.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint and each of its causes of action are barred because Plaintiff is equally responsible for the alleged violations for which Plaintiff now seeks to redress.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each of its causes of action are barred, in whole or in part, because Defendants have performed and fully discharged their obligations and legal duties to Plaintiff, if any, pertinent to the matters alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff alleges she requested any accommodation she did not receive, this accommodation would have been unreasonable.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff could not perform the essential functions of her position with or without reasonable accommodations, Plaintiff was not a qualified individual for purposes of maintaining her causes of action under the Fair Employment and Housing Act and those claims are barred accordingly.

///

3

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 42

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or part, because alleged decisions regarding Plaintiff's employment were made exercising proper managerial discretion in good faith, based on legitimate reasons, and the conduct was thus justified and privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or part, because unlawful or wrongful acts, if there were any, taken by Defendants' agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendants, nor did Defendants know, nor have reason to have known of such acts.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any unlawful behavior in the workplace.  Defendants are informed and believe, and on that basis allege, Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants to avoid harm otherwise.  Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the Complaint accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of unclean hands, laches, and estoppel based on Plaintiff's own conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's interactive process and accommodation claims lack merit because any breakdown in the interactive process was attributable to Plaintiff's failure to provide adequate information.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrine of after-acquired evidence.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovery in connection with her claim for unpaid wages because Plaintiff was fully compensated for all hours Plaintiff worked and for all wages owed during the relevant time.

///

4

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

1

### TWENTIETH AFFIRMATIVE DEFENSE

2      Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part,

3  to the extent Defendants had no knowledge, nor should they have had knowledge, of any of the alleged

4  violations. Accordingly, Defendants are not liable for, among other things, any allegedly

5  uncompensated work they had no knowledge was being performed in violation of any policies and, if

6  such uncompensated work was performed by Plaintiff, it was done in a manner designed to conceal it.

7

### TWENTY-FIRST AFFIRMATIVE DEFENSE

8      Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff misrepresented

9  certain facts to Defendants, including the hours she worked, because Plaintiff was paid in reliance on

10  such representations.

11

### TWENTY-SECOND AFFIRMATIVE DEFENSE

12      Plaintiff is barred, in whole or in part, from recovering relief in connection with her

13  allegation Defendants failed to provide her meal periods because Plaintiff was provided meal periods

14  in accordance with California law and if Plaintiff did not take her meal periods, she did so

15  voluntarily.

16

### TWENTY-THIRD AFFIRMATIVE DEFENSE

17      Plaintiff is barred, in whole or in part, from recovering relief in connection with her

18  allegation Defendants failed to provide her rest periods because Plaintiff was provided rest periods in

19  accordance with California law and if Plaintiff did not take her rest periods, she did so voluntarily.

20

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

21      Plaintiff is barred, in whole or in part, from recovering relief in connection with her

22  allegation that Defendants failed to provide her meal and rest periods because Defendants were not

23  obliged to police Plaintiff's meal and rest periods and Defendants lacked knowledge of any allegedly

24  non-compliant meal and/or rest periods for Plaintiff.

25

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26      Plaintiff is barred, in whole or in part, from recovering relief in connection with her

27  allegation that Defendants failed to pay her all the wages she was owed at the time of her separation

28  of employment because a reasonable and good faith dispute existed, and exists, regarding whether

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 44

additional wages are/were due and owing to Plaintiff at the time of her separation.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering relief in connection with her allegation that Defendants failed to pay her all wages owed at the time of her separation of employment because, if any such failure occurred, it was not willful. (*See Naranjo v. Spectrum Sec. Servs., Inc.* (2024) 15 Cal.5th 1056, 1065.)

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering relief in connection with her allegation that Defendants failed to provide her with accurate, itemized wage statements because Plaintiff received accurate, itemized wage statements, and any alleged non-compliance was only technical in nature, with no resulting confusion or injury to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering relief in connection with her allegation Defendants failed to provide her with accurate, itemized wage statements because Plaintiff has no legally cognizable injuries resulting from any alleged non-compliance in the wage statements she received, and Plaintiff has not alleged any such legally cognizable injury.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering relief in connection with her allegation Defendants failed to provide her with accurate, itemized wage statements because Defendants reasonably believed in good faith that Plaintiff was provided complete and accurate wage statements in compliance with the requirements of Labor Code section 226 and did not knowingly and intentionally fail to comply with any legal requirements regarding the provision of wage statements to Plaintiff.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants had reasonable grounds for believing that any alleged act or omission was not a violation of any provision of the Labor Code relating to wages or the applicable IWC Wage Order.

///

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 45

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, to the extent the alleged Labor Code violations, if any, resulted from Plaintiff's own acts or omissions, including but not limited to her knowing and intentional violation of policies and procedures during the relevant time.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Regarding Plaintiff's eleventh cause of action under California Business and Professions Code §17200, *et seq.*, Plaintiff has no right to recover damages, to the extent Plaintiff seeks damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for physical and/or emotional damages are preempted by the California Workers' Compensation Act and outside the Court's subject matter jurisdiction.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, if any, are the direct and proximate result of the acts or omissions of parties other than Defendants, and Defendants' liability, if any, is limited in direct proportion to the percentage of fault attributed to each Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The implementation of anti-discrimination and anti-retaliation policies by Defendants precludes punitive damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Regarding all of Plaintiff's causes of action, imposition of punitive damages would violate Defendants' due process and equal protection rights under the United States Constitution.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages or exemplary damages because none of Defendants' officers, directors or managing agents committed the alleged oppressive, fraudulent or malicious acts, or authorized or ratified the alleged acts, or had advance knowledge of the unfitness of the employee(s) who allegedly committed the acts complained of by Plaintiff.

///

///

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 46

1

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2      If Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least

3  in part, by Plaintiff's own failure to mitigate against her alleged damages and therefore Plaintiff's

4  claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

5

### THIRTY-NINTH AFFIRMATIVE DEFENSE

6      To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they

7  were the result of a pre-existing psychological disorder, condition, or alternative concurrent cause,

8  and not the result of any act or omission of Defendants.

9

### FORTIETH AFFIRMATIVE DEFENSE

10      To the extent Plaintiff sustained any damages against Defendants, although such is

11  specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to

12  offset all obligations of Plaintiff or others owed to Defendants against any judgment that may be

13  entered.

14

### FORTY-FIRST AFFIRMATIVE DEFENSE

15      Injunctive relief is not appropriate because Plaintiff has an adequate legal remedy.

16

### FORTY-SECOND AFFIRMATIVE DEFENSE

17      Plaintiff lacks standing to obtain injunctive relief because she is a former employee. (*See*

18  *Price v. Starbucks Corp.* (2011) 192 Cal. App. 4th 1136, 1143, fn. 5.)

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

8

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF
ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 47

## **FORTY-THIRD AFFIRMATIVE DEFENSE**

Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

Dated:        December 2, 2025                    **WILSON TURNER KOSMO LLP**

By:    _____
        LOIS M. KOSCH
        MICHAEL R. MINGUET
        Attorney for Defendants
        CARDINAL HEALTH 200, LLC and
        CARDINAL HEALTH, INC.

9

ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S COMPLAINT FOR DAMAGES

Exhibit C, Page 48

1  WILSON TURNER KOSMO LLP
   LOIS M. KOSCH (131859)
2  MICHAEL R. MINGUET (204027)
   402 West Broadway, Suite 1600
3  San Diego, California 92101
   Telephone: 619.236.9600
4  Facsimile: 619.236.9669
   E-mail: lkosch@wilsonturnerkosmo.com
5  E-mail: mminguet@wilsonturnerkosmo.com

6  Attorneys for Defendants
   CARDINAL HEALTH 200, LLC and CARDINAL HEALTH, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN BERNARDINO

10 | ISSABBELL GARCIA,                    | Case No. CIVSB2530873

11 |              Plaintiff,               | **PROOF OF SERVICE**

12 |        v.                             |
                                          | Judge: Hon. Wilfred J. Schneider, Jr.
13 | CARDINAL HEALTH 200, LLC, a Delaware | Dept. S32
   | Company, CARDINAL HEALTH, INC. an    |
14 | Ohio company, FRANCISCO GONZALEZ, an | Trial Date:        Not Set
   | individual, and DOES 1 through 20, inclusive, | Complaint Filed:  October 22, 2025
15 |
   |              Defendants.             |
16

17        I, the undersigned, declare as follows:

18        I am employed with the law firm of Wilson Turner Kosmo LLP, whose address is 402 West

19 Broadway, Suite 1600, San Diego, California 92101. I am over the age of eighteen and I am not a

20 party to this action.

21        On December 2, 2025, I served the following document(s):

22        • **ANSWER OF DEFENDANTS CARDINAL HEALTH 200, LLC AND**

23          **CARDINAL HEALTH, INC. TO PLAINTIFF ISSABBELL GARCIA'S**

24          **COMPLAINT FOR DAMAGES**

25 ///

26 ///

27 ///

28 ///

                                        1
                                                          Exhibit C, Page 49

The document(s) were served on the following and in the following manner:

Jonathan P. LaCour
Lisa Noveck
Jameson Evans
Amanda M. Thompson
EMPLOYEES FIRST LABOR LAW P.C.
1 S. Fair Oaks Ave., Suite 200
Pasadena, CA  91105
Tel: (310) 853-3461; Fax:  (949) 743-5442
E-mail:  jonathanl@pierrelacour.com
E-mail:  lisan@pierrelacour.com
E-mail:  jamesone@pierrelacour.com
E-mail:  amandat@pierrelacour.com

***Counsel for Plaintiff ISSABBELL GARCIA***

☒   (By **ELECTRONIC SERVICE**) Based upon California Rule of Court 2.251(C), I caused the above documents to be served through **One Legal** (www.onelegal.com) on all parties as maintained  on the electronic service list for the above captioned case.  A copy of the Filing Receipt will be maintained with the original document(s).

☐   (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based upon an agreement by counsel for electronic service, I caused the above listed documents to be served upon the persons listed above via e-mail or electronic transmission to their respective e-mail addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 2, 2025, at San Diego, California.

_____
Hope Allen

Exhibit C, Page 50