1 | Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
2 | Steven T. Gebelin, Esq. (SBN 261507)
Amanda M. Thompson, Esq. (SBN: 347005)
3 | **EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks Ave., Suite 200
4 | Pasadena, California 91105
Telephone:   (310) 853-3461
5 | Facsimile:   (949) 743-5442
Email        jonathanl@pierrelacour.com
6 |              lisan@pierrelacour.com
               steveng@pierrelacour.com
7 |              amandat@pierrelacour.com

8 | Attorneys for Plaintiff, ISSABBELL GARCIA

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISSABBELL GARCIA, an individual, | Case No.    5:25-cv-3248-ODW(MARx) |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| v. | |
| CARDINAL HEALTH 200, LLC, a Delaware Company, CARDINAL HEALTH, INC., an Ohio company, FRANCISCO GONZALEZ, an individual, and DOES 1 through 20, inclusive, | 1. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (LABOR CODE §§ 226 AND 226.3);** |
| | 2. **FAILURE TO MAINTAIN PAYROLL RECORDS (LABOR CODE §§ 1174 AND 1174.5);** |
| Defendants. | 3. **FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (LABOR CODE § 226.7)** |
| | 4. **FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE § 1194);** |
| | 5. **FAILURE TO PAY WAGES IN A TIMELY MANNER (LABOR CODE § 204);** |
| | 6. **WAITING TIME PENALTIES (LABOR CODE §§ 201, 202, and 203);** |
| | 7. **FEHA VIOLATIONS BASED UPON DISABILITY (GOV'T. CODE § 12940 *ET SEQ.*);** |
| | 8. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§ 12940 *ET SEQ.*;** |
| | 9. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10. **FEHA VIOLATIONS BASED UPON RETALIATION;**
11. **HOSTILE WORK ENVIRONMENT IN VIOLATION OF GOV'T CODE §§12940 *ET SEQ.*;**
12. **UNFAIR COMPETITION (BUS. & PROF. CODE § 17200, *ET SEQ.*);**
13. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5 (WHISTLEBLOWER RETALIATION); AND**
14. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

     **COMES NOW PLAINTIFF,** ISSABBELL GARCIA, for causes of action against Defendants and each of them, alleges for her First Amended Complaint as follows:

## JURISDICTION

1.     This action was properly filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

## THE PARTIES

### PLAINTIFF ISSABBELL GARCIA

2.     Plaintiff, ISSABBELL GARCIA, (hereinafter referred to as "Plaintiff") is and at all times relevant hereto was a resident of the County of San Bernardino, State of California.

### DEFENDANT CARDINAL HEALTH 200, LLC

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CARDINAL HEALTH 200, LLC (hereinafter referred to as "Cardinal Health 200") was and is a Delaware company doing business

2

FIRST AMENDED COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, *ET AL.*

at 3980 Earlstone St., Ontario, 91761 in the County of San Bernardino, State of California.

### DEFENDANT CARDINAL HEALTH, INC.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CARDINAL HEALTH, INC. (hereinafter referred to as "Cardinal Health") was and is a Delaware company doing business at 3980 Earlstone St., Ontario, 91761 in the County of San Bernardino, State of California.

### DEFENDANT FRANCISCO GONZALEZ

5.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant Francisco Gonzalez (hereinafter referred to as "Mr. Gonzalez") was and is an individual residing in the County of San Bernardino, State of California, with his principal place of business located therein. Cardinal Health, Cardinal Health 200, and Mr. Gonzalez are hereafter collectively referred to as "Defendants."

6.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant Mr. Gonzalez was Plaintiff's employer, manager, corporate agent, and/or supervisor. Specifically, Plaintiff is informed and believes, and based thereon alleges, that Mr. Gonzalez dictated Plaintiff's compensation and had plenary ability to supervise, manage, hire, and fire, and did participate in the hiring and firing of Plaintiff. Defendant Mr. Gonzalez exercised control and management of the work performed by Plaintiff as to establish or change corporate policies for which Plaintiff was required to perform. Mr. Gonzalez had the ability to ensure Plaintiff was properly compensated and allotted meal breaks, rest periods, and other provisions issued to employees. Furthermore, Plaintiff was of the belief that Mr. Gonzalez was also her employer.

7.     On information and belief, Mr. Gonzalez was the primary, if not the sole, decision maker and author of Defendants' corporate policies as to: (1) setting employees' working hours and rates of pay; (2) whether, and how much, to pay

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

employees for overtime hours worked; (3) whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to issue itemized wages statements to employees; (5) determining whether an employee was exempt or non-exempt for purposes of applicable compliance with the <u>Labor Code</u> and order of the Industrial Welfare Commission; and (6) ensure compliance with all applicable <u>Labor Code</u> sections and orders of the Industrial Welfare Commission.

8.      Plaintiff is informed and believes, and based thereupon allege, that at all times relevant hereto, Defendants owned and/or operated a business organization and availed themselves of the rights and privileges of the State of California.

9.      Defendants were Plaintiff's employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

10.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

11.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

4

successor status and/or joint venture and with the permission and consent of each of the other Defendants.

12.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

13.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

14.    Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendants have ceased to exist.

15.    Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.    Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Plaintiff is informed and believes, and based thereupon alleges, Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    Plaintiff is informed and believes, and based thereupon alleges, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

16.    Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

17.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereupon alleges, that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

Defendants and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

18.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

19.    At all relevant times throughout Plaintiff's employment with Defendants, Defendants owned and operated a medical supply transportation business.

20.    On information and belief, Defendants Cardinal Health 200 and Cardinal Health are joint employers of Plaintiff with a unity of interest and ownership. Cardinal Health 200 and Cardinal Health have identical principal addresses: 7000 Cardinal Place, Dublin, OH, 43017 in the County of Franklin. Additionally, both companies have an identical service agent: CT CORPORATION SYSTEM, Registered Corporate 1505 Agent.

21.    At all relevant times, Mr. Gonzalez, was/is a natural person who is an owner, director, officer, or managing agent of Cardinal Health. At all relevant times, Mr. Hernandez was Plaintiff's joint employer. In Mr. Hernandez's capacity as owner, director, officer, or managing agent of Defendants, Mr. Hernandez had substantial independent authority and judgment in Defendants' corporate decision making and had significant oversight of the company's operations. With respect to Plaintiff, Mr. Hernandez had the ultimate authority as it related to many decisions, including but not

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

limited to, corporate policymaking, paying employees' wages, and the hiring and firing of employees.

22. On or about January 2024, Defendants hired Plaintiff as a warehouse associate.

23. As a warehouse associate, Plaintiff's main job duties included scanning items on pallets, sorting pallets and different equipment, lifting pallets, running reports on shipping, and other job duties associated with transporting medical supplies in a warehouse.

24. Upon hiring Plaintiff, Defendants promised to pay Plaintiff at a rate of $22.10 per hour. Instead, Defendants only paid Plaintiff at a rate of $20.60 per hour.

25. Plaintiff would regularly work shifts of eight (8) hours or more, routinely working up to twelve (12) hours in a single day. Plaintiff would, at times, work shifts upwards of 15 hours in a single day.

26. As a result of these extended hours, Plaintiff should have been entitled to an overtime rate of pay. Defendants, however, routinely refused to pay Plaintiff at her overtime rate of pay. In the course of her time with Defendants, it was in fact more common for Defendants to fail to pay Plaintiff her earned overtime wages than to actually pay Plaintiff for the overtime she had worked.

27. In addition to depriving Plaintiff of earned overtime wages, Defendants would regularly fail to pay Plaintiff for the total amount of time she had worked. Indeed, Plaintiff's wage and hour statements and pay checks regularly reflected hours that were far lesser than what her punch cards had been filled out to indicate.

28. As a result of this practice, Defendants often required Plaintiff to work off the clock for much of her labor. At all relevant times, Defendants failed or refused to pay Plaintiff for the hours deducted from Plaintiffs final wage and hour statements and pay checks.

29. The discrepancy between Plaintiff's punch cards and final pay statements were significant. Indeed, on regular occasion, Plaintiff would work around 100 hours

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

in a single week, yet receive pay for only around 50 to 60 hours. This is aside from the fact that much of the hours worked should have been paid out at an overtime rate of pay, when in fact they were not.

30.    In the course of her employment at Defendants, Plaintiff was regularly required to skip her meal and rest breaks. Although Plaintiff regularly worked shifts longer than five (5) hours, Defendants regularly required Plaintiff to either interrupt her meal break or forgo taking a meal break altogether. Additionally, Plaintiff worked shifts longer than ten (10) hours in a single day, which should have entitled her to two meal breaks. In these instances, Defendants still required Plaintiff to either skip her meal breaks or only take one meal break when she should have taken two.

31.    At all relevant times, Defendants generally failed to pay Plaintiff a premium for missed or interrupted meal and rest breaks.

32.    On or about June 25, 2024, Plaintiff attempted to complain to Defendants regarding the various wage and hour violations to which she was being subjected. First Plaintiff complained to the human resources department at Defendants, who instructed Plaintiff to talk to her supervisor. Plaintiff then spoke to her direct supervisor, Defendant Mr. Gonzalez, regarding the wage and hour violations. After Plaintiff sent Mr. Gonzalez information regarding the violations, Defendants failed to rectify, respond to, or address the situation any further.

33.    In the course of Plaintiff's employment at Defendants, on or about June 4, 2024, Plaintiff was injured on the job. While lifting a heavy object at work, Plaintiff suffered a severe back injury. Later, Plaintiff was diagnosed with a tear in her lower back and associated spinal issues.

34.    These injuries significantly limited Plaintiff's major life activities. As a result of her injury, Plaintiff was unable to lift heavy objects, bend over, or walk, stand, or sit for extended periods of time.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

35.    After her injury, Plaintiff promptly informed Defendants of her injury and the nature of her resulting physical limitations. As part of her notification, Plaintiff was requesting reasonable accommodations so that she could continue working.

36.    Plaintiff would have been able to perform the essential functions of her job with reasonable accommodations. Indeed, many of Plaintiff's essential job functions did not require significant physical labor, such as scanning items, running reports, tracking the shipment of pallets, and other written or non-physical job duties. Any physical job duty required of Plaintiff could have easily been accommodated by other employees at the warehouse.

37.    Defendants also had the ability to accommodate Plaintiff's disability by having her perform job duties such as typing, paperwork, and administrative tasks from an office setting at her place of work as Defendants had done with other employees that were injured at work.

38.    In spite of Defendants' ability to accommodate Plaintiff's disability, for the duration of the week following her injury, Defendants required Plaintiff to come into work without giving her any tasks to complete. Defendants instructed Plaintiff to sit and wait while on the clock, while simultaneously stating there was no work for her to complete.

39.    Prior to her injury and disclosing her disability, Plaintiff had a good relationship with supervisor Daniel Ruiz.  However, after disclosing her disability, Ruiz minimized her injuries, refused to provide accommodations, and even refused to provide Plaintiff a wheelchair until other support team members advised him that she needed one.

40.    Although Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations, Defendants refused to provide Plaintiff with job duties to perform. Additionally, Defendants refused to engage in a good-faith interactive process with Plaintiff. Following the week of June 4, 2024, Defendants

instructed Plaintiff to stop coming into work. Against Plaintiff's wishes, Defendants placed Plaintiff on an involuntary and indefinite unpaid leave of absence.

41.     From the week following her injury, on or about June 4, 2024, Plaintiff was not allowed to return to work at Defendants, with Defendant Gonzalez telling her that she had to leave work, could not be at work because of her disability, and that she could not return to work.  This was despite Plaintiff's ability to work with reasonable accommodations.

42.     Rather than attempt to engage in a good faith interactive process with Plaintiff, Defendants decided it would be easier to refuse to allow Plaintiff to return to work.

43.     In retaliation against Plaintiff's disability and requests for reasonable accommodation, Defendants negatively and materially affected Plaintiff's employment status at Defendants. In response to requests for accommodation, Defendants essentially terminated Plaintiff by refusing to allow her to continue working at Defendants.

44.     Eventually, after many months on indefinite, involuntary, and unpaid leave, Plaintiff was constructively terminated from her employment with Defendants. On or about May 2025, Plaintiff was forced to resign from her position at Defendants. Plaintiff was constructively terminated from her position because she was left with no reasonable alternative but to resign. Indeed, no reasonable person would continue working for an employer that commits numerous wage and hour violations, refuses to accommodate disabilities, and retaliates against their employees for requesting accommodations by placing them on indefinite and involuntary leaves.

45.     For the entirety of Plaintiff's employment with Defendants, Defendants failed and refused to pay Plaintiff the total amount of wages that Plaintiff, through her employment and labor, had earned working for Defendants.

46.     For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to provide Plaintiff with timely, accurate, and itemized wage

and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws.

47.    For the entirety of Plaintiff's employment with Defendants, Defendants routinely required Plaintiff to work more than eight hours per day and 40 hours per week. Plaintiff did not receive accurate compensation for straight, regular time pay, and overtime pay.

48.    For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to pay Plaintiff's wages on a timely semi-monthly basis, as required by the Labor Code.

49.    Defendants failed to pay all wages due and owed to Plaintiff at the time of her termination or within seventy-two (72) hours of her resignation, as required by California wage-and-hour laws.

50.    As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, Business and Professions Code § 17200, et seq.

51.    Pursuant to the Labor Code, California law and applicable Wage Orders, Plaintiff is entitled to all damages, unpaid wages, statutory penalties, waiting time penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendant, all as alleged throughout this complaint.

52.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  actions and conduct of said individuals whose actions and conduct were ratified,
2  authorized, and approved by managing agents whose precise identities are unknown to
3  Plaintiff at this time and are therefore identified and designated herein as DOES 1
4  through 20, inclusive.

5      53.    As a result of Defendants' actions, Plaintiff has suffered and will continue
6  to suffer general and special damages, including severe and profound pain emotional
7  distress, and physical injury related to emotional distress, anxiety, depression,
8  headaches, tension, and other physical ailments, as well as medical expenses, expenses
9  for psychological counseling and treatment, and past and future lost wages and
10 benefits.

11     54.    As a result of the above, Plaintiff is entitled to past and future lost wages,
12 bonuses, commissions, benefits and loss or diminution of earning capacity.

13     55.    Plaintiff claims general damages for emotional and mental distress and
14 aggravation in a sum in excess of the jurisdictional minimum of this Court.

15     56.    Because the acts taken toward Plaintiff were carried out by officers,
16 directors and/or managing agents acting in a deliberate, cold, callous, cruel and
17 intentional manner, in conscious disregard of Plaintiff's rights and in order to injure
18 and damage Plaintiff, Plaintiff request that punitive damages be levied against
19 Defendants and each of them, in sums in excess of the jurisdictional minimum of this
20 Court.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS
## (LABOR CODE §§ 226 AND 226.3)
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

    57.    Plaintiff re-alleges the information set forth in the preceding paragraphs
and incorporates it into this cause of action as if it was fully alleged herein.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

58.     Defendants failed to provide Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.

59.     Defendants are liable for statutory penalties and civil penalties pursuant to Labor Code §§ 226, 226.3, and 558 and the other applicable laws and regulations.

## SECOND CAUSE OF ACTION
## FOR FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS
## (LABOR CODE §§ 226, 1174 AND 1174.5)
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

60.     Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

61.     Defendants failed to maintain complete and accurate payroll records for Plaintiff, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly rate, and Defendants are therefore not able to furnish to the commission said documents and/or information.

62.     Defendants are liable for statutory and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION
## (LABOR CODE § 226.7)
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

63.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

64.    Plaintiff regularly worked shifts greater than five (5) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes.

65.    Plaintiff also worked shifts greater than ten (10) hours. Pursuant to Labor Code § 512, an employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

66.    Defendants failed to provide Plaintiff with meal periods as required under the Labor Code. As discussed above, Plaintiff was required to work through her alleged meal periods, without pay, all in violation of Labor Code and applicable Wage Orders. Moreover, Defendants failed to compensate Plaintiff for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

67.    Therefore, pursuant to Labor Code § 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rate of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

68.    Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

69.    Defendants failed to provide Plaintiff with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

70.    Moreover, Defendants did not compensate Plaintiff with an additional hour of pay at their effective hourly rate for each day that Defendants failed to provide adequate rest breaks, as required under Labor Code § 226.7.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

FIRST AMENDED COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, *ET AL*.

71.    Therefore, pursuant to Labor Code § 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial

72.    Per *Betancourt v. OS Restaurant Services*, Plaintiff pleads for reasonable attorney's fees and costs recoverable under *Labor Code* §§ 218.5 and 226.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME COMPENSATION
## (LABOR CODE §§ 510 AND 1194)
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

73.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

74.    Defendants routinely required Plaintiff to work more than eight hours per day. Defendants routinely required Plaintiff to work more than forty hours per week. Defendants failed and refused to pay Plaintiff the overtime compensation required by the Labor Code and other applicable laws and regulations.

75.    Plaintiff has been deprived of her rightfully earned and legally required overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

76.    Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to Labor Code § 558 and other applicable provisions of the Labor Code and other applicable laws and regulations.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES IN A TIMELY MANNER
## (LABOR CODE §§ 204 ET SEQ. AND 206 ET SEQ.)

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

77.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

78.    At all times relevant, Defendants routinely failed, without justification, and refused to provide Plaintiff with timely wages or pay as required <u>Labor Code</u> Section 204 et seq. and other applicable laws and regulations.

79.    As a direct and proximate result of Defendants' failure and refusal to pay Plaintiff timely, Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, including treble damages pursuant to <u>Labor Code</u> Sec. 206 et seq.

80.    Based on Defendants' conduct as alleged herein, Defendants are liable for up to 30 days of pay for a waiting time penalty, statutory penalties and civil penalties pursuant to the <u>Labor Code</u> and other applicable laws and regulations.

## SIXTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## (LABOR CODE §§ 201 THROUGH 203)
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

81.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

82.    Defendants willfully failed to pay Plaintiff accrued wages and other compensation due to him at the time of her pre-scheduled termination or within seventy-two (72) hours of her resignation.

83.    Defendants are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to <u>Labor Code</u> §§ 201, 202, 203 and other applicable laws and regulations.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## SEVENTH CAUSE OF ACTION

## FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION

## CAL. GOV. CODE §§ 12940(a) ET SEQ.

## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

84.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

85.    Defendants, and each of them, including their agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

86.    California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of…physical disability…medical condition…sex, gender…is hereby recognized as and declared to be a civil right." Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification…[f]or an employer, because of…physical disability, medical condition …sex, gender …to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

87.    Plaintiff has a physical disability/medical condition, as defined under Government Code § 12926 et seq.  Moreover, at the time of this Complaint and at all relevant times, Plaintiff was/is suffering from disabling back injuries.

88.    Plaintiff is informed and believes and thereon alleges that Defendants and each of them, in violation of Government Code §§ 12940 et seq., terminated Plaintiff's employment because of her disability.

89.    Plaintiff filed a complaint with the California Civil Rights Department ("CRD").  On December 8, 2025, Plaintiff received a "Right-to-Sue" Letter from the California Department of Fair Employment and Housing.  Attached hereto as Exhibit

18

"1" is a true and correct copy of the referenced "Right-to-Sue" Letter that Plaintiff received.

90.    As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

91.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress, physical injury related to emotional distress, and aggravation in an amount to be proven at the time of trial.

92.    The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c)), in that they were intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

93.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advanced knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the business. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

94.    Plaintiff is further entitled to attorneys' fees pursuant to Government Code § 12965(b).

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

FIRST AMENDED COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES AND INJUNCTIVE RELIEF
GARCIA V. CARDINAL HEALTH 200, LLC, *ET AL.*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## CAL. GOV. CODE §§ 12940 ET SEQ.

## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

95.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

96.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

97.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

98.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff to recover from her temporary disability or medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continued to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendants contend Plaintiff was never terminated, through the present and ongoing.

20

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

99.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

100.    The damage allegations described above are herein incorporated by reference.

101.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

102.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## NINTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## CAL. GOV. CODE §§ 12940 ET SEQ.
## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND DOE DEFENDANTS

103.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

104.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee taking care of an associated person with a known physical disability or

21

known medical condition and/or becoming aware of the employee's need for accommodation.

105.  At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected her major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

106. Plaintiff reported her disability to Defendants and requested accommodations, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendants contend Plaintiff was never terminated, through the present and ongoing.

107.  The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

108.  The damage allegations, as set forth above inclusive, are herein incorporated by reference.

109.  The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

110.  Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## TENTH CAUSE OF ACTION

## FEHA VIOLATIONS BASED UPON RETALIATION

## CAL. GOV. CODE § 12940(h), ET SEQ.

## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

111.   Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

112.   This cause of action is based upon:

a. California Government Code Section 12940(h), which prohibits employers from retaliating against employees who complain of practices forbidden by the California Fair Employment and Housing Act (the "FEHA"), including discrimination based on sex, pregnancy, disability and medical conditions;

b. California Government Code Section 12940(k), which prohibits employers from failing to take all reasonable steps necessary to prevent discrimination from occurring in the workplace; and

c. Title II, California Code of Regulations, Section 7287.8(a), which prohibits employers from retaliating against employees who complain of practices forbidden by the "FEHA", including discrimination based on disability and medical conditions.

113.   Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

114.   Plaintiff's assertion of her rights under California Government Code Section 12900 et seq. and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate her. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

115.   At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of California Government Code Sections 12940(h), 12940(m)(2), by terminating her.

23

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

116.   As a direct, foreseeable, and proximate result of the outrageous conduct of all Defendants named in this cause of action, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to her damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

117.   The grossly reckless, and/or intentional, malicious, and bad faith manner in which all named Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

118.   For the part of this cause of action for FEHA liability, Plaintiff pleads for reasonable attorneys' fees and costs recoverable under California Government Code § 12965(b).

## ELEVENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT HARASSMENT
## CAL. GOV. CODE §§ 12940 ET SEQ.
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

119.   Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

120.   At all times relevant to this action, Plaintiff was employed by Defendants.

121.    At all times relevant to this action, Defendants were employers who regularly employed one or more persons within the meaning of Cal. Gov. Code §§ 12926(d), 12940(j)(4)(A).

122.    At all times relevant to this action, Cal. Gov. Code §§ 12940(j)(1), 12940(j)(4)(C), and 12940(i) were in full force and effect and were binding upon Defendants. These sections, inter alia, require Defendants to refrain from harassing an employee on the basis of disability and to take all reasonable steps to prevent harassment from occurring, thereby preventing a hostile work environment for Plaintiff.

123.    At all times relevant to this action, Defendants created a hostile work environment for Plaintiff by adversely affecting Plaintiff's employment and harassing her on the basis of her disability, after she complained of her disability and discrimination in failing to provide work accommodations, and otherwise engaged in a protected activity. This hostile work environment constitutes a continuing violation of Plaintiff's legal rights.

124.   Defendants Cardinal Health 200 and Cardinal Health vicariously liable for Mr. Ruiz and Mr. Gonzalez's harassing conduct because they failed to take reasonable corrective measures even when management level employees had notice of the harassment.

125.    Alternatively, Defendants Cardinal Health 200 and Cardinal Health are strictly liable for Mr. Ruiz and Mr. Gonzalez's harassing conduct pursuant to Cal. Gov. Code §12940(j)(1).

126.    Plaintiff's disability led to Defendants' harassment of Plaintiff, in that it is conduct that occurred precisely because of Plaintiff's disability.

127.    Plaintiff's disability was a substantial motivating factor for the acts of harassment as previously mentioned.

128.    Such actions are unlawful harassment and discriminatory in violation of Cal. Gov. Code §§ 12900 *et seq*.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

129.    Defendants' conduct was a substantial factor in causing harm to Plaintiff as described in this Complaint.

130.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.   The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

131.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as she was psychologically injured.   Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

132.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights.   They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

133.    Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## TWELFTH CAUSE OF ACITON
## FOR UNFAIR COMPETITION
## (BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

### AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

134. Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

135. Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of valid California law and specifically Code of Civil Procedure § 1021.5.

136. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injuries, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

137. Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

138. FEHA expresses fundamental public policies. Prohibiting employers from discriminating against employees based on the protected status of such employees is a fundamental public policy of California. It is the public policy of this state to vigorously enforce the requirements of FEHA, to ensure employees are treated fairly and equitably under the law. Additionally, Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

139. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public

policies, have violated specific provisions of FEHA and the Labor Code, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code § 17200 et seq.</u>; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

140. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code § 17200 et seq.</u>

141. Defendants, by engaging in the conduct herein alleged, by failing to pay wages, overtime, etc., either knew or in the exercise of reasonable care should have known that its conduct was unlawful; therefore, its conduct violates the <u>Business & Professions Code § 17200 et seq.</u>

142. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

143. Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## THIRTEENTH CAUSE OF ACTION
## WHISTLEBLOWER RETALIATION
## IN VIOLATION OF LABOR CODE § 1102.5
## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

144.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

145.    Labor Code §1102.5(a) provides, in relevant part, that "An employer, or any person acting on behalf of the employer, shall not make adopt, or enforce any...rule…or policy preventing an employee from disclosing information…to a person with authority over the employer, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

146.    Furthermore, under Labor Code section 1102.5(b), "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

147.    Labor Code section 1102.5(c) states, "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."  Labor Code section 1102.5(d) states, "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

148.    Defendants unlawfully acted against Plaintiff in retaliation for Plaintiff's complaint of her reasonable belief that Defendants were acting in violation of the law.

149.    The statutes previously mentioned evince a public policy that benefits society at large, were well established at the time of Plaintiff's termination, and are substantial and fundamental.

150.    Plaintiff's assertion of her rights under Labor Code § 1102.5 was a substantial motivating reason for Defendants' decision to constructively terminate Plaintiff.

151.    Defendants' conduct was a substantial factor in causing harm to Plaintiff as previously pled herein.

152.    As a direct and proximate result of Defendants' conduct, Plaintiff has lost and continues to lose wages and work benefits caused by her termination.

153.    Furthermore, Defendants are liable in civil penalties up to the statutory maximum of $10,000 for each violation of Labor Code § 1102.5(f), according to proof at trial. Plaintiff is also entitled to recover any and all damages resulting from Defendants' violations pursuant to Labor Code § 1102.5.

154.    Pursuant to Labor Code §1102.5(j), Plaintiff requests a reasonable award of attorneys' fees and costs.

## FOURTEENTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST DEFENDANTS CARDINAL HEALTH 200, CARDINAL HEALTH, AND ALL DOE DEFENDANTS

155.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

156.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to

refrain from, among other things, discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

157.   Defendants' conduct as previously alleged, including their termination of Plaintiff, was in retaliation against Plaintiff for her physical disability.

158.   At all times mentioned in this complaint, it was a well-established, substantial, and fundamental policy of the State of California that benefits society at large, that Defendants cannot discriminate and/or retaliate against any employee on the basis of engagement in protected activity.

159.   Plaintiff believes and thereon alleges that Plaintiff's requests for reasonable accommodations were contributing factors in Defendants' conduct as alleged hereinabove.

160.   The above said acts of Defendants constitute violations of the *Labor Code* and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

161.   The damage allegations, as set forth above inclusive, are herein incorporated by reference.

162.   The foregoing conduct of Defendants individually, or by and through its officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

///

///

///

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in her favor and against Defendants and each of them, for no less than $1,000,000.00 but according to proof, as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' retaliatory practices;

4.     For injunctive relief barring Defendants' employment policies and practices adverse to those who make a complaint of illegal employment activity in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.     For costs of suit, attorneys' fees, and expert witness fees pursuant;

7.     For post-judgment interest; and

8.     For any other relief that is just and proper.

DATED:  December 18. 2025        **EMPLOYEES FIRST LABOR LAW**

By: _____
Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Steven T. Gebelin, Esq.
Jameson Evans, Esq.
Amanda M. Thompson. Esq.
*Attorneys for Plaintiff. ISSABBELL GARCIA*

32

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38-1 Plaintiff demands trial of all issues by jury.

DATED:  December 18, 2025                    EMPLOYEES FIRST LABOR LAW

By: _____
Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Steven T. Gebelin, Esq.
Jameson Evans, Esq.
Amanda M. Thompson, Esq.
*Attorneys for Plaintiff, ISSABBELL GARCIA*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

"Right-to-Sue" Letter from the
California Department of Fair Employment and Housing

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 8, 2025


Jonathan LaCour
1 South Fair Oaks Avenue, Suite 200
Pasadena, CA 91105

RE:  **Notice to Complainant's Attorney**
CRD Matter Number: 202512-32541308
Right to Sue: Garcia / Cardinal Health 200, LLC et al.

Dear Jonathan LaCour:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 8, 2025

RE: **Notice of Filing of Discrimination Complaint**
     CRD Matter Number: 202512-32541308
     Right to Sue: Garcia / Cardinal Health 200, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 8, 2025

Issabbell Garcia
1 S. Fair Oaks Ave, Suite 200
Pasadena, CA 91105

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202512-32541308
Right to Sue: Garcia / Cardinal Health 200, LLC et al.

Dear Issabbell Garcia:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 8, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Issabbell Garcia                                              CRD No. 202512-32541308

                              Complainant,

vs.

Cardinal Health 200, LLC
3980 Earlstone Street
Ontario, CA 91761

Cardinal Health, Inc.
3980 Earlstone Street
Ontario, CA 91761

Francisco Gonzalez
3980 Earlstone Street
Ontario, CA 91761

                              Respondents

_____

**1.** Respondent **Cardinal Health 200, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Cardinal Health, Inc.** business as Co-Respondent(s).
Complainant is naming **Francisco Gonzalez** individual as Co-Respondent(s).

**3**. Complainant **Issabbell Garcia**, resides in the City of **Pasadena**, State of **CA.**

**4.** Complainant alleges that on or about **May 31, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, association with a member of a protected class, criminal history, pregnancy, childbirth, breast feeding, and/or related medical

Date Filed: December 8, 2025

CRD-ENF 80 RS (Revised 2025/11)

conditions, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, sexual harassment.

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, pregnancy, childbirth, breast feeding, and/or related medical conditions, association with a member of a protected class, criminal history, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, driver's license (job advertisement or material improperly requires applicant to have a driver's license), leave to obtain victim of violence-related services, leave to serve on a jury or appear in court, status as a victim or family member of a victim of violence and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported patient abuse (hospital employees only), reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used a religious accommodation, participated as a witness in a discrimination or harassment complaint, requested or used bereavement leave, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, requested or used pregnancy disability leave (pdl), requested or used reproductive loss leave, requested or used leave to obtain victim of violence-related services, requested or used leave to serve on a jury or appear in court, requested or used safety-related accommodation for a victim of violence and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any

Date Filed: December 8, 2025

CRD-ENF 80 RS (Revised 2025/11)

employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Additional Complaint Details:** On or about January 2024, Defendants hired Plaintiff as a warehouse associate.

As a warehouse associate, Plaintiff's main job duties included scanning items on pallets, sorting pallets and different equipment, lifting pallets, running reports on shipping, and other job duties associated with transporting medical supplies in a warehouse.

Upon hiring Plaintiff, Defendants promised to pay Plaintiff at a rate of $22.10 per hour. Instead, Defendants only paid Plaintiff at a rate of $20.60 per hour.

Plaintiff would regularly work shifts of eight (8) hours or more, routinely working up to twelve (12) hours in a single day. Plaintiff would, at times, work shifts upwards of 15 hours in a single day.

As a result of these extended hours, Plaintiff should have been entitled to an overtime rate of pay. Defendants, however, routinely refused to pay Plaintiff at her overtime rate of pay. In the course of her time with Defendants, it was in fact more common for Defendants to fail to pay Plaintiff her earned overtime wages than to actually pay Plaintiff for the overtime she had worked.

In addition to depriving Plaintiff of earned overtime wages, Defendants would regularly fail to pay Plaintiff for the total amount of time she had worked. Indeed, Plaintiff's wage and hour statements and pay checks regularly reflected hours that were far lesser than what her punch cards had been filled out to indicate.

As a result of this practice, Defendants often required Plaintiff to work off the clock for much of her labor. At all relevant times, Defendants failed or refused to pay Plaintiff for the hours deducted from Plaintiffs final wage and hour statements and pay checks.

The discrepancy between Plaintiff's punch cards and final pay statements were significant. Indeed, on regular occasion, Plaintiff would work around 100 hours in a single week, yet receive pay for only around 50 to 60 hours. This is aside from the fact that much of the hours worked should have been paid out at an overtime rate of pay, when in fact they were not.

In the course of her employment at Defendants, Plaintiff was regularly required to skip her meal and rest breaks. Although Plaintiff regularly worked shifts longer than five (5) hours, Defendants regularly required Plaintiff to either interrupt her meal break or forgo taking a meal break altogether. Additionally, Plaintiff worked shifts longer than ten (10) hours in a single day, which should have entitled her to two meal breaks. In these instances, Defendants still required Plaintiff to either skip her meal breaks or only take one meal break when she should have taken two.

-3-

*Complaint – CRD No. 202512-32541308*

At all relevant times, Defendants generally failed to pay Plaintiff a premium for missed or interrupted meal and rest breaks.

On or about June 25, 2024, Plaintiff attempted to complain to Defendants regarding the various wage and hour violations to which she was being subjected. First Plaintiff complained to the human resources department at Defendants, who instructed Plaintiff to talk to her supervisor. Plaintiff then spoke to her direct supervisor, Defendant Mr. Gonzalez, regarding the wage and hour violations. After Plaintiff sent Mr. Gonzalez information regarding the violations, Defendants failed to rectify, respond to, or address the situation any further.

In the course of Plaintiff's employment at Defendants, on or about June 4, 2024, Plaintiff was injured on the job. While lifting a heavy object at work, Plaintiff suffered a severe back injury. Later, Plaintiff was diagnosed with a tear in her lower back and associated spinal issues.

These injuries significantly limited Plaintiff's major life activities. As a result of her injury, Plaintiff was unable to lift heavy objects, bend over, or walk, stand, or sit for extended periods of time.

After her injury, Plaintiff promptly informed Defendants of her injury and the nature of her resulting physical limitations. As part of her notification, Plaintiff was requesting reasonable accommodations so that she could continue working.

Plaintiff would have been able to perform the essential functions of her job with reasonable accommodations. Indeed, many of Plaintiff's essential job functions did not require significant physical labor, such as scanning items, running reports, tracking the shipment of pallets, and other written or non-physical job duties. Any physical job duty required of Plaintiff could have easily been accommodated by other employees at the warehouse.

In spite of Defendants' ability to accommodate Plaintiff's disability, for the duration of the week following her injury, Defendants required Plaintiff to come into work without giving her any tasks to complete. Defendants instructed Plaintiff to sit and wait while on the clock, while simultaneously stating there was no work for her to complete.

Although Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations, Defendants refused to provide Plaintiff with job duties to perform. Additionally, Defendants refused to engage in a good-faith interactive process with Plaintiff. Following the week of June 4, 2024, Defendants instructed Plaintiff to stop coming into work. Against Plaintiff's wishes, Defendants placed Plaintiff on an involuntary and indefinite unpaid leave of absence.

From the week following her injury, on or about June 4, 2024, Plaintiff was not allowed to return to work at Defendants.

Rather than attempt to engage in a good faith interactive process with Plaintiff, Defendants decided it would be easier to refuse to allow Plaintiff to return to work.

In retaliation against Plaintiff's disability and requests for reasonable accommodation, Defendants negatively and materially affected Plaintiff's employment status at Defendants. In response to requests for accommodation, Defendants essentially terminated Plaintiff by refusing to allow her to continue working at Defendants.

Eventually, after many months on indefinite, involuntary, and unpaid leave, Plaintiff was constructively terminated from her employment with Defendants. On or about May 2025, Plaintiff was forced to resign from her position at Defendants. Plaintiff was

-4-

*Complaint – CRD No. 202512-32541308*

Date Filed: December 8, 2025

CRD-ENF 80 RS (Revised 2025/11)

constructively terminated from her position because she was left with no reasonable alternative but to resign. Indeed, no reasonable person would continue working for an employer that commits numerous wage and hour violations, refuses to accommodate disabilities, and retaliates against their employees for requesting accommodations by placing them on indefinite and involuntary leaves.

-5-

*Complaint – CRD No. 202512-32541308*

Date Filed: December 8, 2025

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Jonathan P. LaCour**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On December 8, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**

-6-

*Complaint – CRD No. 202512-32541308*

Date Filed: December 8, 2025

CRD-ENF 80 RS (Revised 2025/11)